UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELEMENTAL RESEARCH INC., an Idaho corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JASON BRUNSON, an individual,<br><br>　　　　　　Defendant. | Case No. 2:24-cv-00128-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court is Plaintiff's request to proceed without counsel following the withdrawal of Plaintiff's attorneys (Dkts. 27, 30). The Court previously granted counsel's motion to withdraw and expressly advised Plaintiff of the consequences of failing to obtain substitute counsel (Dkt. 28). For the reasons set forth below, the Court denies Plaintiff's request to proceed pro se and dismisses this action with prejudice.

## PROCEDURAL BACKGROUND

　　　　Plaintiff Elemental Research, Inc., commenced this action through licensed counsel. Counsel later moved to withdraw (Dkt. 27). On November 10, 2025, the Court granted that motion (Dkt. 28). In its withdrawal order, the Court expressly advised Plaintiff that, as a corporation, it "cannot appear without being represented by an attorney in accordance with District of Idaho Local Civil Rule 83.4(d)" (Dkt. 28 ¶ 10). The Court further directed Plaintiff to obtain substitute counsel within twenty-one (21) days and warned that failure to do so would constitute "sufficient grounds for the entry of default against it or dismissal of its action with prejudice and without further

**MEMORANDUM DECISION AND ORDER - 1**

notice" (Dkt. 28 ¶¶ 6, 9). Plaintiff did not obtain substitute counsel within the time allowed. Instead, Plaintiff filed a request seeking to proceed without counsel (Dkt. 30).

## LEGAL STANDARD

It is well settled that artificial entities, including corporations, partnerships, and limited liability companies, may not appear in federal court without representation by licensed counsel. Although 28 U.S.C. § 1654 permits parties to "plead and conduct their own cases personally," that statute does not authorize non-attorney individuals to represent entities. *Rowland v. California Men's Colony*, 506 U.S. 194, 202–03 (1993).

This rule applies regardless of the size of the entity, the number of its members, or any claimed hardship. An entity's inability to secure counsel does not permit it to proceed pro se. Allowing an entity to do so would circumvent professional responsibility requirements and undermine the orderly administration of justice.

Courts in this District consistently enforce this rule. When a corporate party fails to obtain substitute counsel after withdrawal—particularly after receiving an express warning of the consequences—dismissal is an appropriate remedy. *PathDM1 LP LLC v. Path 1 Communications, LLC*, No. 1:24-cv-00611-AKB, 2025 WL 2374346, at *2–3 (D. Idaho Aug. 14, 2025); Dist. Idaho Loc. Civ. R. 83.6.

## ANALYSIS

Plaintiff is a corporation and, therefore, may not proceed pro se in this Court. Plaintiff's filing requesting permission to do so (Dkt. 30) is foreclosed by settled law.

This case follows the same procedural posture addressed in *PathDM1*. There, after counsel withdrew, the plaintiff entity failed to secure substitute counsel and sought to proceed without

MEMORANDUM DECISION AND ORDER - 2

representation. The Court denied the request and dismissed the action because the entity could not litigate pro se. 2025 WL 2374346, at *2–3.

Here, the Court granted counsel's withdrawal and expressly warned Plaintiff that it could not appear without counsel and that failure to obtain new counsel could result in dismissal. (Dkt. 28 ¶¶ 6, 9–10). Plaintiff nevertheless failed to secure substitute counsel and instead seeks to proceed without representation. The Court cannot permit that result.

## ORDER

1. Plaintiff's request to proceed without counsel (Dkt. 30) is **DENIED**.
2. This action is **DISMISSED WITH PREJUDICE**.

DATED: December 31, 2025

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3